UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bryan Tobey,<br>Plaintiff,<br><br>v.<br><br>Carolina Sun Heating and Air, LLC,<br>Defendants. | CASE NO.: 2:25-cv-01747-RMG<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendants would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Bryan Tobey, is a citizen and resident of Charleston County, South Carolina.

2. Defendant, Carolina Sun Heating and Air, LLC, upon information and belief, is a domestic corporation organized and operating under the laws of the State of South Carolina and the County of Berkeley.

3. The Defendants are a "person" within the meaning of the Fair Labor Standards Act ("FLSA").

4. The Defendants are an industry that affects commerce within the meaning of the FLSA.

5. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

6. That the Plaintiff and the Defendants entered into an employee/employer relationship whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term as an HVAC technician at $18/hour.

7. Defendant would set Plaintiff's schedule, provide a company vehicle, and provide policies and procedures to follow.

8. Plaintiff was told at the time of hire that he would work for 80 hours every two (2) weeks. Plaintiff noticed each paycheck was for a different amount, but all the paychecks should have been for the same amount.

9. Plaintiff was given a company van to travel to the appointments placed on his schedule. He was later informed that he was personally responsible for the gasoline he had to purchase for the company van.

10. When Plaintiff received his second paycheck, he noticed it was less than it should have been. Plaintiff did not say anything to Defendants.

11. When Plaintiff received his third paycheck, he again noticed it was less than it should have been. Plaintiff complained to Defendants about his check being incorrect and short on pay.

12. Plaintiff worked overtime to make sure various jobs were completed. After the fact, Defendants told him they don't pay for overtime.

13. Plaintiff received a phone call from one of his customers asking if he added refrigerant to her AC unit. He told her he did not. The customer told Plaintiff that Defendants charged her several hundred dollars for refrigerant that was added to her unit. She did not ask for nor need refrigerant and was questioning the charge.

14. Plaintiff confronted Defendants about the fraudulent charge on his customer's invoice. The Defendants argued with Plaintiff and sent him home. They informed Plaintiff that he could no longer use the company van to travel to his appointments; he would have to provide his own transportation.

15. The following day, Plaintiff called Defendants and was told they didn't have any work for him.

16. The next day, Plaintiff again called Defendants and was told they didn't have any work for him.

17. During that time, on July 12, 2023, Plaintiff's wife was involved in a car wreck, leaving Plaintiff without a vehicle.

18. On July 12, 2023, Plaintiff again called Defendants, and they told him to be at the office first thing in the morning. Plaintiff arranged for a ride to work.

19. On July 13, 2023, Plaintiff called Defendants to let them know he was running a little late because the man picking him up had stopped for a to aid a stranded motorist. Defendants told Plaintiff he was fired.

20. Defendants would not return Plaintiff's tools or his shop vac.

21. Plaintiff never received his last paycheck.

22. Shortly after termination, Plaintiff discovered that Defendants' work van was missing and Defendants told the police that Plaintiff stole it.

23. Plaintiff has no information as to what happened to the van, and Defendants' have pressed charges against Plaintiff under false pretenses.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**

24. The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

25. The Plaintiff was working for the Defendants and accrued earned wages. The Defendants failed and continue to fail to pay the wages owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

26. The Plaintiff is informed and believes that the Defendants were unjustly enriched in maintaining wages which rightfully belong to the Plaintiff pursuant to the FLSA.

27. As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

28. As a direct and proximate result of the acts and practices of the Defendants, the Plaintiff is informed and believes he is entitled to an award of damages, liquidated damages, treble damages, prejudgment interest, costs, legal fees, and any other damages to which she may be entitled as determined by the trier of fact.

## FOR A SECOND CAUSE OF ACTION
## Violation of South Carolina Payment of Wages Act

29. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

30. The Defendants wrongfully withheld the Plaintiff's wages, and the Defendants should be required to pay the Plaintiff for all wages owed to him, plus interest.

31. The Plaintiff is entitled to an award of damages against the Defendants in an amount to be determined by the trier of fact, also because the damages relate to wages owed to him, the Plaintiff is entitled to treble damages pursuant to the South Carolina Payment of Wages Act, South Carolina Code of Laws Sec. 41-10-80, 1976, as amended, plus attorney fees and costs.

## FOR A THIRD CAUSE OF ACTION
## Wrongful Discharge in Violation of Public Policy

32. Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

33. That the unjust discharge and termination of the Plaintiff's employment with the Defendant was the response of the Defendant, their agents and servants, to Plaintiff's continuing complaints regarding Defendant's continued fraudulent charges to customers.

34. That the aforesaid conduct of the Defendant, their agents and servants, violates the South Carolina and Unites States laws against retaliatory dismissal and was, in fact, retaliatory in nature.

3

35. That the aforesaid wrongful discharge of Plaintiff's employment by the Defendant, their agents and servants, constitutes a violation of a clear mandate of public policy of the State of South Carolina.

36. That as a direct and proximate result of the aforesaid conduct of the Defendant, their agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such an amount as a judge and jury may award.

## FOR A FOURTH CAUSE OF ACTION
### Unjust Enrichment

37. The Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

38. Based upon the agreement between the Plaintiff and Defendant, the Plaintiff performed services for the Defendant in exchange for a sum of wages. The Defendant has failed and continues to fail to pay the monies owed to the Plaintiff as agreed.

39. The Defendant was unjustly enriched in maintaining wages which rightfully belonged to the Plaintiff.

40. As a result of the Defendant's unjust enrichment, the Plaintiff is entitled to an award of damages against the Defendant in an amount to be determined by the trier of fact.

41. That as a direct and proximate result of said conduct on the part of the Defendant, its agents and servants, the Plaintiff has been damaged as aforesaid, both actual and punitive damages, in such amount as a judge and jury may award.

## FOR A FIFTH CAUSE OF ACTION
### Conversion

42. The Plaintiff realleges and incorporates by reference the allegations contained hereinabove as if fully set forth herein.

43. The Defendant committed conversion against the Plaintiff in the following particulars to wit:

    a.    In wrongfully withholding the Plaintiff's money from his possession;

    b.    In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

    c.    In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

44. The Defendant also committed conversion against the Plaintiff by not surrendering the money upon his request for wages owed to him.

45. The Defendant converted said funds to their own use.

46. The Defendant's actions were without right or justification and constituted the conversion of Plaintiff's property.

47. The Defendant acted maliciously and in bad faith in that they knowingly converted Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

48. That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants for past wages and overtime and any other work benefits he lost in an amount to be determined by the trier of fact, treble damages and front pay; and

4. Judgment against the Defendants for actual damages, punitive damages, legal fees, costs and any other relief this Honorable Court deems just and proper.

Respectfully submitted,

**WIGGER LAW FIRM, INC.**

*/s/ Matthew O. King*
Matthew O. King (Fed. I.D. 13793)
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
(843) 553-9800
Attorney for the Plaintiff

North Charleston, South Carolina
March 13, 2025