**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Bryan Tobey,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Carolina Sun Heating and Air, LLC,<br><br>　　　　　Defendant. | Case No. 2:25-cv-01747-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is Plaintiff's Motion for Default Judgment (Dkt. No. 11). For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.    Background

Plaintiff Bryan Tobey filed this action on March 13, 2025, for payment of unpaid wages, unpaid overtime compensation, liquidated damages, attorney's fees, and other relief under the Fair Labor Standards Act ("FLSA"), South Carolina Payment of Wages Act ("SCPWA"), and several South Carolina state law claims.  (Dkt. No. 1)

Plaintiff served Defendant Carolina Sun Heating and Air, LLC by publication from June 26, 2025, to July 10, 2025. (Dkt. No. 8-1). Accordingly, Defendant Carolina Sun Heating and Air, LLC was required to file an answer by July 31, 2025. Defendant Carolina Sun Heating and Air, LLC has not appeared, answered, or otherwise participated in this action. On December 12, 2025, the Clerk entered default against Defendant Carolina Sun Heating and Air, LLC. (Dkt. No. 10).

Plaintiff now moves for default judgment against Defendant Carolina Sun Heating and Air, LLC. (Dkt. No. 11).

## II.     Legal Standard

Under Rule 55(a) of the Federal Rules of Civil Procedure, a party must seek an entry of default from the clerk before moving for default judgment under Rule 55(b). By entry of default, the defendant is deemed to have "admitted the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 779, 780 (4th Cir. 2001) (internal quotation marks omitted). Then, on a motion for default judgment, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. For Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion). "There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006). The Court may test this sufficiency by the Rule 12(b)(6) standard.  *See Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages." *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018). "Accordingly, Plaintiff must prove [his] entitlement to the amount of monetary damages requested." *GAG Enterprises, Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F.Supp.2d 56, 57 (D.D.C. 2008).

## III.     Discussion

Plaintiff's complaint and accompanying motion contain "well-pleaded allegations of fact" and proper claims such that Defendant Carolina Sun Heating and Air, LLC admits the allegations in

2

the complaint. Specifically, Defendant Carolina Sun Heating and Air, LLC is liable for the unpaid wages, unpaid overtime compensation, liquidated damages, attorney's fees, and other damages due to Plaintiff. (Dkt. No. 1).

The Court finds that Plaintiff is entitled to default judgment pursuant to Rule 55(b). Because default was properly entered against Defendant Carolina Sun Heating and Air, LLC, the Court must accept all well-pleaded factual allegations in the complaint as true. *See Ryan*, 253 F.3d at 780.

The Court finds that the total amount due is a sum certain calculable based on the filings.

Plaintiff requests that this Court enters judgment against Defendant in the amount of $21,555.79. Plaintiff's filings indicate that he was paid at a standard rate of $18/hour and an overtime rate of $36/hour. (Dkt. No. 11 at 5, Dkt. No. 13 at 2–3). The filings also indicate that Plaintiff is owed ninety-one hours and fifty-one minutes of straight time and forty-three hours and three minutes of overtime pay for June, and thirty-seven hours and nineteen minutes of overtime pay for July. (Dkt. No. 13 at 2–3). To that extent, Plaintiff claims that he is entitled to $4,547.50 in unpaid wages and overtime under the FLSA and SCPWA as follows: $1,653.30 in straight pay for June; $1,550.80 in overtime for June; and $1,343.40 in overtime for July. *Id.* He further claims that he is entitled to treble damages on this amount under the FLSA and SCPWA in the amount of $13,642.50. *Id.* He also claims that he is entitled to interest on the unpaid wages and overtime at a rate of four percent per year in the amount of $528.78. *Id.*

Additionally, Plaintiff claims that he is entitled to reasonable costs and attorney's fees under the FLSA and SCPWA. 29 U.S.C. § 216(b); S.C. Code § 41-10-80. He asserts that his costs in this action are $1,716.07, which includes the following: publication costs in the amount of $1,003.62; filing fees in the amount of $405.00; attempted service costs in the amount of $305.00; and

Accurint search costs in the amount of $2.45. *Id.* As for attorney's fees, Plaintiff signed a fee agreement with Wigger Law Firm, Inc., pursuant to which Wigger Law Firm is entitled to recover forty percent of Plaintiff's total recovery after litigation concludes. *Id.* Plaintiff asserts that pursuant to the FLSA's and SCPWA fee shifting provision this amount is also recoverable. *Id.* Plaintiff's filings indicate that the attorney's fees in this matter are $5,668.51. *Id.*; 29 U.S.C. § 216(b); S.C. Code § 41-10-80.

After reviewing the filings before the Court, the Court disagrees with Plaintiff's calculation of the judgment amount. Specifically, the Court disagrees with the amount of damages Plaintiff is entitled to recover. Plaintiff contends that he is entitled to treble damages on both the unpaid wages and unpaid overtime pursuant to the SCPWA. But this contention is incorrect because the FLSA preempts the SCPWA with respect to Plaintiff's overtime pay. *McMurray v. LRJ Restaurants, Inc.*, No. 4:10-CV-01435-JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) ("To the extent that Plaintiff seeks compensation under the Wage Act for overtime pay otherwise required by the FLSA . . . . *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed." (discussing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007))). The Court therefore finds that the calculation for Plaintiff's claim for overtime pay is governed by the FLSA, not the SCPWA. As such, Plaintiff is entitled to liquated damages as provided by the FLSA, not treble damages, for his overtime pay. *Dutan v. Sheet Metal Remodeling, LLC*, 48 F. Supp. 3d 860, 869 (E.D. Va. 2014) ("In FLSA cases, employees routinely are awarded an amount of liquidated damages equal to unpaid wages [and overtime]."). Thus, since Plaintiff's total unpaid overtime for June and July is $2,894.20, he is entitled to liquated damages equal to that amount. *Id.*

Additionally, the Court finds that Plaintiff's claim for his SCPWA unpaid wages is not preempted by the FLSA because he claims wages in excess of federal minimum wage. *McMurray*,

4

2011 WL 247906, at *2 ("Plaintiff is also seeking redress for Defendants' alleged failure . . . to pay wages which may be in excess of minimum wage and failure to pay wages when due. These claims are separate and distinct from Plaintiff's FLSA claims. Accordingly, they are not preempted by the FLSA."). Therefore, under the SCPWA he is only allowed to recover treble damages on these unpaid wages, not the overtime pay. S.C. Code § 41-10-80 ("[A]ny failure to pay wages due to an employee as required by [the Act] . . . the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."). Thus, Plaintiff is entitled to $4,959.90 in treble damages for the unpaid wages in June because the amount of unpaid wages was $1,653.30. As such, the Court finds that Plaintiff's total damages in this matter are $11,277.08 and consequently will reduce Plaintiff's attorney's fees to $4,510.83 pursuant to the fee agreement.

Accordingly, the total amount due from Defendant Carolina Sun Heating and Air, LLC is $17,503.98 calculated as follows:

1. Plaintiff's total damages: $11,277.08

    A. Plaintiff's treble damages for the unpaid wages under the SCPWA: $4,959.90

        i. 3 x $1,653.30 in straight pay for June

    B. Plaintiff's total overtime damages: $2,894.20

        i. $1,343.40 in overtime pay for July; and

        ii. $1,550.80 in overtime pay for June.

    C. Plaintiff's liquated damages under the FLSA: $2,894.20

    D. Interest: $528.78

2. Costs: $1,716.07

    A. $1,003.62 in publication costs;

      B. $405.00 in filing fees;

      C. $305.00 in service costs; and

      D. $2.45 in Accurint search costs.

3. Attorney's Fees: $4,510.83 pursuant to a 40% contingency fee arrangement with Wigger Law Firm, Inc.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for default judgment against Defendant Carolina Sun Heating and Air, LLC. (Dkt. No. 11). Judgment is entered against Defendant Carolina Sun Heating and Air, LLC in the amount of $17,503.98.

s/ Richard Mark Gergel

Richard Mark Gergel
United States District Judge

June 18, 2026
Charleston, South Carolina